UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60110-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TRAVIS DAVIS,

    Defendant.
_____/



FILED by _____ D.C.

APR 17 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING ON PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final evidentiary hearing on April 17, 2013, and this Court having received the written Stipulation For Final Supervised Release Revocation Hearing [D.E. #84] as well as the unopposed proffer of the government, this Court makes the following findings and recommendation to the District Court:

    1.    At the outset of the evidentiary hearing counsel for the parties presented this Court with the Stipulation For Final Supervised Release Revocation Hearing which was executed by counsel for the government, counsel for the Defendant and the Defendant. Those facts which are stipulated to are as follows:

- The 2008 white Dodge Charger, registered to Margaret Ann Davis-Jones, caused an accident with three other motor vehicles on November 23, 2012 near the intersection of US 1 and Jensen Beach Boulevard in Martin County, Florida.

- Travis Demetrus Davis' driver's license was suspended by the State of Florida at the time of the accidents caused on November 23, 2012 near the intersection of US 1 and Jensen Beach Boulevard.

- The accidents caused by the driver of the 2008 white Dodge Charger, registered to Margaret Ann Davis-Jones, resulted in injuries to some of the drivers and passengers of the other three cars.

2. Counsel for the Defendant then announced that the Defendant had no objection to the government proceeding by way of proffer to present its evidence for consideration by the Court. The government announced that it had witnesses present outside the courtroom to substantiate any of the facts alleged in its proffer. Counsel for the Defendant acknowledged that these witnesses were present and available for cross-examination. Finally, counsel for the Defendant announced that the Defendant would stand mute as to the charges, not cross-examine any of the witnesses, and would not present any evidence or argument at the hearing.

3. Based upon the foregoing, the government made the following proffer. On November 23, 2012, the Defendant was operating a motor vehicle in Martin County, Florida, traveling north on U.S. Highway 1. At the time pertinent to the issues in this matter, the Defendant had just left a nightclub in Martin County where he had been consuming alcoholic beverages. At or about the intersection of U.S. Highway 1 and Jensen Beach Boulevard in Martin County Florida, the Defendant hit a vehicle on his left and that vehicle spun out. There was property damage to that vehicle. The Defendant then hit a car on his right side. That vehicle then hit a fourth car. All of the vehicles involved received property damage. Further, there are at least four passengers involved in those vehicles who were injured and treated as a result of these accidents.

4. After his car came to rest, the Defendant left his vehicle and walked across U.S. Highway 1 to a McDonald's/Red Lobster parking lot. He was observed walking there

by several eyewitnesses at the scene. Martin County Sheriff's Office deputies and troopers from the Florida Highway Patrol responded to the accident. Witnesses pointed out the Defendant to the deputies who arrived at the scene while the Florida Highway Patrol investigated the accident.

5. In speaking with the officers at the scene, the Defendant had slurred speech. His breath and his vehicle "reeked of alcohol." The Defendant had trouble standing and speaking to the trooper at the scene and also had bloodshot eyes. It was the opinion of the trooper that based upon his experience in law enforcement and DUI arrests, that the Defendant was under the influence and/or impaired at the time of the accident. Further, the Defendant admitted that he knew that his driver's license was in fact suspended at the time of these accidents. Additionally, based upon the actions of the Defendant after hitting these vehicles and the nature of the accident, the Defendant knew or should have known that there were injured parties in those vehicles resulting from his actions at the scene.

6. Counsel for the Defendant declined to cross-examine any of the witnesses who were present to substantiate the government's proffer. Further, counsel for the Defendant did not present any witnesses, evidence, or argument. This Court questioned the Defendant on the record and is satisfied that he understands his rights in respect to an evidentiary hearing and all of the associated rights which are attached to such a hearing, such as cross-examining witnesses, presenting evidence and testimony from himself and/or witnesses. The Defendant acknowledged that based upon his failure to cross-examine any witnesses or present evidence, that this Court would accept the government's proffer and the written stipulation as sworn evidence in this case. Further, the Defendant acknowledged that the Court would recommend that he be found to have violated his

3

supervised release in respect to each of the eleven violations set forth in the Petition and that all that will remain will be for Judge Graham to conduct a sentencing hearing to determine what penalties and sentence to impose.

7. There are eleven violations set forth in the Petition. They are as follows:

**Violation Number 1** — **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about November 23, 2012, in Martin County, Florida, the defendant committed the offense of driving under the influence - impairment/damage to property or person, contrary to Florida Statute 316.193(1) and 316.193(3)(c)(1).

**Violation Number 2** — **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about November 23, 2012, in Martin County, Florida, the defendant committed the offense of driving with license suspended suspension specified in 322.34(10)(a)1, contrary to Florida Statute 322.34(2) and 322.34(10)(b)1.

**Violation Number 3** — **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about November 23, 2012, in Martin County, Florida, the defendant committed the offense of driving under the influence - impairment/damage to property or person, contrary to Florida Statute 316.193(1) and 316.193(3)(c)(1).

**Violation Number 4** — **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about November 23, 2012, in Martin County, Florida, the defendant committed the offense of leaving the scene of an accident resulting in property damage, contrary to Florida Statute 316.062.

**Violation Number 5** — **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about November 23, 2012, in Martin County, Florida, the defendant committed the offense of driving under the influence - impairment/damage to

|  |  |
|---|---|
| | property or person, contrary to Florida Statute 316.193(1) and 316.193(3)(c)(1). |
| **Violation Number 6** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law.  On or about November 23, 2012, in Martin County, Florida, the defendant committed the offense of driving under the influence - impairment/damage to property or person, contrary to Florida Statute 316.193(1) and 316.193(3)(c)(1). |
| **Violation Number 7** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law.  On or about November 23, 2012, in Martin County, Florida, the defendant committed the offense of LSOA-Personal injury, contrary to Florida Statute 316.027(1)(a). |
| **Violation Number 8** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law.  On or about November 23, 2012, in Martin County, Florida, the defendant committed the offense of driving under the influence - impairment/damage to property or person, contrary to Florida Statute 316.193(1) and 316.193(3)(c)(1). |
| **Violation Number 9** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law.  On or about November 23, 2012, in Martin County, Florida, the defendant committed the offense of driving under the influence - impairment/damage to property or person, contrary to Florida Statute 316.193(1) and 316.193(3)(c)(1). |
| **Violation Number 10** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law.  On or about November 23, 2012, in Martin County, Florida, the defendant committed the offense of driving under the influence - impairment/damage to property or person, contrary to Florida Statute 316.193(1) and 316.193(3)(c)(1). |
| **Violation Number 11** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law.  On or about November 23, 2012, in Martin County, Florida, |

the defendant committed the offense of LSOA-Personal injury, contrary to Florida Statute 316.027(1)(a).

8. At the conclusion of the hearing, this Court read each of the violations into the record and found specifically as to each violation that the evidence submitted by the government has proven by a preponderance of the evidence that the Defendant has committed the acts set forth in each of the eleven violations set forth within the Petition. There are seven violations based upon the Defendant's offense of driving under the influence. The government explained on the record that the charge is that the Defendant caused damage to three other vehicles and injuries to at least four individuals as a result of his driving that night. Each of the property damage claims and injuries account for one DUI violation as set forth in Violations 1, 3, 5, 6, 8, 9 and 10.

9. The Defendant has admitted to driving while license suspended and that he knew his license was suspended at that time. Therefore, Violation 2 has been established as well. Violations 4, 7 and 11 involve the Defendant leaving the scene of the accident involving three other vehicles. While he may not have left the general area where the accidents took place, he did leave the scene of those accidents where there was obvious property damage and injuries to other parties. He crossed U.S. Highway 1 and went into a parking lot area away from his vehicle and the other vehicles involved in the accident. As a result, this Court finds that the government has also established Violations 4, 7 and 11 as set forth in the Petition.

10. Based upon all of the foregoing evidence, this Court finds that the government has proven by a preponderance of the evidence each of the eleven violations set forth in the Petition.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to each of the eleven violations set forth in the Petition and that the District Court set a sentencing hearing at its earliest convenience for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 17th day of April, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Robert J. Luck
AFPD Fletcher Peacock
U. S. Probation
U. S. Marshal